IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY PANICHELLI, the surviving husband, in his own right and on the behalf of all statutory beneficiaries, and Administrator of the ESTATE OF CARA MIA FRANCESCA PANICHELLI, Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>SAFELITE® AUTOGLASS, a Pennsylvania business entity; SAFELITE GLASS CORP., a foreign corporation; SAFELITE FULFILLMENT, INC., a foreign corporation; SAFELITE GROUP, INC., a foreign corporation; FUYAO GLASS AMERICA, INC., a foreign corporation; and, KENNETH HEDGESPETH, a Pennsylvania citizen,<br><br>          Defendants. | : No:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

Pursuant to 28 U.S.C. § 1441, Defendants, Safelite Group, Inc. (incorrectly identified as Safelite® Autoglass and Safelite Glass Corp.) and Safelite Fulfillment, Inc. (hereinafter collectively referred to as "Safelite"), by and through their undersigned counsel, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, and Jennifer G. Shorr and Joanna D. Buchanico, hereby remove the case captioned <u>Anthony Panichelli, the surviving husband, in his own right and on behalf of all statutory beneficiaries, and Administrator of the Estate of Cara Mia Francesca Panichelli v. Safelite® Autoglass, Safelite Glass Corp., Safelite Fulfillment, Inc. Fuyao Glass America, Inc. and Kenneth Hedgespeth</u>, Pennsylvania Court of Common Pleas, Philadelphia

County, No. 2024-02150 (the "State Court Action"), from the Pennsylvania Court of Common Pleas, Philadelphia County, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and as grounds for removal states as follows:

1. Plaintiff initiated the State Court Action by filing a Complaint against Defendants on or about February 19, 2024. A copy of the Complaint is attached as Exhibit "A".

2. The lawsuit arises from a motor vehicle accident which occurred on June 12, 2023, on Interstate 95, in Philadelphia, Pennsylvania. See Ex. A at ¶ 16.

3. Plaintiff alleges that Cara Mia Francesa Panichelli (decedent Panichelli) was driving her vehicle when a piece of metal struck her windshield and impacted Plaintiff's body and then her vehicle collided with another vehicle and a concrete barrier. Id. at ¶ 17 – 18.

4. Plaintiff alleges that decedent Panichelli's vehicle's windshield was defective and caused trauma to her chest which resulted in her death. Id. at ¶ 19.

5. Plaintiff alleges in his Complaint that prior to the accident on August 31, 2019, Safelite sold decedent the subject windshield which was installed by Defendant, Kenneth Hedgespeth, a Safelite employee. See Id. at ¶ 14. (he is no longer a Safelite employee for reasons unrelated to the subject incident).

6. Plaintiff also alleges that Defendant, Fuyao Glass America, Inc. designed, manufactured, distributed and/or sold the subject windshield. Id. ¶ at 15.

7. Plaintiff, Anthony Michael Panichelli, is the surviving husband of decedent Cara Mia Francesca Panichelli and has asserted wrongful death and survival claims against all Defendants. Id. at Sections "A" and "B".

8. Plaintiff asserted strict products liability and negligence claims against all Defendants, alleging, in essence, that the defendants designed, manufactured, produced and marketed a defective windshield.  Id. at Counts I -- II.

9. Plaintiff filed an Affidavit of Service alleging that Safelite was served with the Complaint on February 27, 2024.

10. Plaintiff demands damages in excess of $50,000 in each of count of the Complaint.

11. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction under 28 U.S.C. § 1332.

12. In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, along with all other process, pleadings, and orders served upon Defendants are attached hereto as Exhibit "A".  A copy of the docket in the State Court Action is attached as Exhibit "B".

## DIVERSITY OF CITIZENSHIP

13. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and the *served* Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

14. Plaintiff is, and at the time of filing of the State Court Action was, a citizen of Pennsylvania.  Id. at ¶ 1.

15. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. Section 1332 (c)(1)

16. Defendants, Safelite Group, Inc. and Safelite Fulfillment, Inc. are headquartered and maintain a principal place of business in Ohio.  Id. at ¶ 4.  Therefore, they are citizens of Ohio.

17. At the time of removal, complete diversity of citizenship exists among the parties that have been served.

18. The citizenship of Defendants Fuyao Glass America, Inc. and Kenneth Hedgespeth is to be disregarded for purposes of removal on the basis of diversity jurisdiction for reasons discussed below.  28 U.S.C. § 1441(b)(1).

19. At this time, it is unknown where Kenneth Hedgespeth resides. However, as he has not been properly served with the Complaint, his citizenship is to be disregarded for purposes of removal.

20. Defendant Fuyao Glass America, Inc., is based upon information and belief, located in both Illinois and Ohio. However, as no affidavit of service has been filed for this entity, its citizenship is also to be disregarded. 28 U.S.C. § 1441(b)(1)

21. Plaintiff filed an Affidavit of Service alleging that on February 27, 2024, Defendant Hedgespeth was served with the Complaint by serving "Chataki McDonald, receptionist as manager/clerk" of Safelite AutoGlass."

22. Defendant Hedgespeth is <u>not</u> a Safelite employee and <u>was not</u> a Safelite employee on the date of the alleged service of the Complaint.

23. Defendant Hedgespeth has not been properly served with the Complaint because: (1) he was not a Safelite employee at the time of the purported service; (2) he did not authorize Safelite to accept service for him; and (3) he does not reside at the place of service.

24. Pursuant to 28 U.S.C. § 1441(b), the State Court Action is removable because no party in interest *properly joined and served* as a defendant is a citizen of Pennsylvania.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

25. Under 28 U.S.C. § 1446(c) "[i]f removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

26. The instant matter is a wrongful death and survival action, and Plaintiff's alleged damages are in excess of $50,000 against each Defendant for each count.

27. Thus, Plaintiff's request for damages exceeds the $75,000 amount in controversy requirement for the Court's exercise of diversity jurisdiction.

28. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.

## OTHER PROCEDURAL MATTERS

29. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Pennsylvania is the appropriate court for filing a Notice of Removal from the Pennsylvania Court of Common Pleas, Philadelphia County where the State Court Action is pending.

30. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as Safelite was allegedly served on February 27, 2024.

31. Defendants Fuyao and Hedgespeth have not yet been properly joined and served with the Complaint.

32. Thus, Defendants Fuyao's and Hedgespeth's consent for removal is not required. 28 U.S.C. § 1446(b)(2)(A).

33. Contemporaneous with the filing of this Notice, Safelite has given written notice hereto to Plaintiff and will file a true and correct copy of this Notice of Removal with the Pennsylvania Court of Common Pleas, Philadelphia County as required by 28 U.S.C. § 1446(d).

**WHEREFORE,** Defendants, Safelite Group, Inc. (incorrectly identified as Safelite® Autoglass and Safelite Glass Corp.) and Safelite Fulfillment, Inc. submit this Notice that the State Court Action is hereby removed from the Pennsylvania Court of Common Pleas, Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

By.   /s/ Jennifer G. Shorr
      Jennifer G. Shorr, Esquire

By:   /s/ Joanna D. Buchanico
      Joanna D. Buchanico, Esquire

2000 Market Street, Suite 1300
Philadelphia, PA 19103
267-825-2646
215-564-7699
*Attorneys for Defendants, Safelite Group, Inc. (incorrectly identified as Safelite® Autoglass and Safelite Glass Corp.) and Safelite Fulfillment, Inc. and Kenneth Hedgespeth*

Date: March 11, 2024

**CERTIFICATE OF SERVICE**

I, Joanna D. Buchanico, do hereby certify that a true and correct copy of the foregoing Notice of Removal was served on March 11, 2024, via the Court's Electronic Filing and/or via email, upon the following:

Larry Coben, Esquire
Anapol Weiss
8700 E. Vista Bonita Drive, Suite 268
Scottsdale, AZ 85255
*Attorneys for Plaintiff*

Fuyao Glass America, Inc.
800 Fuyao Avenue
Moraine, OH 45439

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

By: */s/ Jennifer G. Shorr*
Jennifer G. Shorr Esquire

*/s/ Joanna D. Buchanico*
Joanna D. Buchanico, Esquire

2000 Market Street, Suite 1300
Philadelphia, PA 19103
267-825-2646
215-564-7699
*Attorneys for Defendants, Safelite Group, Inc. (incorrectly identified as Safelite® Autoglass and Safelite Glass Corp.) and Safelite Fulfillment, Inc. and Kenneth Hedgespeth*

Date: March 11, 2024