# EXHIBIT

# "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **FEBRUARY 2024**     **02150** |
| | E-Filing Number: 2402039353 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANTHONY M. PANICHELLI | SAFELITE AUTOGLASS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 8700 E VISTA BONITA DR. SUITE 268 SCOTTSDALE SCOTTSDALE AZ 85255 | 709 WASHINGTON AVENUE PHILADELPHIA PA 19147 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SAFELITE GLASS CORP. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR. SUITE 103 HARRISBURG PA 17110 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SAFELITE FULFILLMENT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR. SUITE 103 HARRISBURG PA 17110 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 6 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal <br> [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** <br> FEB **19** 2024 <br> **C. SMITH** | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANTHONY M PANICHELLI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LARRY E. COBEN | ANAPOL WEISS <br> 8700 E. VISTA BONITA DRIVE <br> SUITE 268 <br> SCOTTSDALE AZ 85255 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (480)515-4745 | (480)515-4744 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 17523 | tpepin@anapolweiss.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| LARRY COBEN | Monday, February 19, 2024, 02:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. SAFELITE AUTOGLASS
   709 WASHINGTON AVENUE
   PHILADELPHIA PA 19147
2. SAFELITE GLASS CORP.
   C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR.  SUITE 103
   HARRISBURG PA 17110
3. SAFELITE FULFILLMENT, INC.
   C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR.  SUITE 103
   HARRISBURG PA 17110
4. SAFELITE GROUP, INC.
   C/O CORPORATION SERVICE CO. 2595 INTERSTATE DR.  SUITE 103
   HARRISBURG PA 17110
5. FUYAO GLASS AMERICA, INC.
   800 FUYAO AVENUE
   MORAINE OH 45439
6. KENNETH HEDGESPETH
   C/O SAFELITE AUTOGLASS 709 WASHINGTON AVENUE
   PHILADELPHIA PA 19147

ANAPOL WEISS
Larry E. Coben, Esquire (PA ID # 17523)
Jo Ann Niemi, Esquire (PA ID # 326595)
8700 E. Vista Bonita Drive, Suite 268
Scottsdale, Arizona 85255
lcoben@anapolweiss.com
jniemi@anapolweiss.com
(480) 515-4745
**ATTORNEYS FOR PLAINTIFF**



Filed and Attested by the
Office of Judicial Records
19 FEB 2024 02:54 pm
SMITH

| | |
|---|---|
| ANTHONY PANICHELLI, the surviving husband, in his own right and on the behalf of all statutory beneficiaries, and Administrator of the ESTATE OF CARA MIA FRANCESCA PANICHELLI, Deceased, | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| Plaintiff, | **TERM,** |
| v. | **NO.** |
| SAFELITE® AUTOGLASS, a Pennsylvania business entity; SAFELITE GLASS CORP., a foreign corporation; SAFELITE FULFILLMENT, INC., a foreign corporation; SAFELITE GROUP, INC., a foreign corporation; FUYAO GLASS AMERICA, INC., a foreign corporation; and, Kenneth Hedgespeth, a Pennsylvania citizen. | **JURY TRIAL DEMANDED** |
| Defendants. | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo |

You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA  19107
TELEPHONE:  (215) 238-1701

aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puese perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania  19107
Telephono: (215) 238-1701

2

ANTHONY PANICHELLI, the surviving husband, in his own right and on the behalf of all statutory beneficiaries, and Administrator of the ESTATE OF CARA MIA FRANCESCA PANICHELLI, Deceased,

                   Plaintiff,

v.

SAFELITE® AUTOGLASS, a Pennsylvania business entity; SAFELITE GLASS CORP., a foreign corporation; SAFELITE FULFILLMENT, INC., a foreign corporation; SAFELITE GROUP, INC., a foreign corporation; FUYAO GLASS AMERICA, INC., a foreign corporation; and, Kenneth Hedgespeth, a Pennsylvania citizen,

                   Defendants.

**COURT OF COMMON PLEAS PHILADELPHIA COUNTY**

**TERM,**

**NO.**

**JURY TRIAL DEMANDED**

## COMPLAINT IN CIVIL ACTION

Plaintiff, Anthony Panichelli, by and through his undersigned counsel, hereby brings this action against the Defendants, and in support thereof, avers as follows:

### PARTIES

1.    Plaintiff, Anthony Panichelli, is an adult individual residing at 2422 S 21st Street, Philadelphia, PA 19145. He is the husband of Cara Mia Francesca Panichelli, deceased, and the father of their two children, A.P., a minor, and A.P., a minor. The Plaintiff was duly appointed by the Philadelphia County Court of Common Pleas Register of Wills as the Administrator of the Estate of his wife, who died on June 12, 2023.

2.    Defendant, Safelite® AutoGlass, is a registered trademark and business entity which conducts regular and continuous business in the Commonwealth of Pennsylvania, including Philadelphia County, with an office located at 709 Washington Avenue, Philadelphia,

Case ID: 24020215(

PA 19147. This defendant was at all relevant times in the retail business of replacing vehicle glass including windshields. [Defendant Safelite ®AutoGlass was, at all times relevant to this lawsuit, owned and operated by defendant Safelite Group, Inc. and/or defendant Safelite Fulfillment, Inc. This defendant is referred to herein as "Safelite."]

3.    Defendant Safelite Glass Corporation is a corporation with its principal offices in Columbus, Ohio. Defendant Safelite Glass Corporation is registered to do business in Pennsylvania and has designated as its agent for service of process Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110. This defendant was at all relevant times in the retail business of manufacturing, supplying, marketing and replacing vehicle glass including windshields. At all relevant times, Safelite Glass Corporation operated under the name Safelite ®AutoGlass, and it has been wholly owned and operated by defendant Safelite Group, Inc. [Defendants Safelite Glass Corporation and Safelite® Autoglass are hereinafter referred to collectively as "Safelite."]

4.    Defendant Safelite Fulfillment, Inc. is a corporation with its principal offices in Columbus, Ohio. Defendant Safelite Fulfillment, Inc. is registered to do business in Pennsylvania and has designated as its agent for service of process Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110. Defendant Safelite Fulfillment, Inc. was, at all times relevant to this lawsuit, owned and operated by defendant Safelite Group, Inc. At all times relevant, Defendant Safelite Fulfillment, Inc. has been the retail auto glass division owned, operated and controlled by defendant Safelite Group, Inc. Defendants Safelite Fullfillment Inc. and Safelite Group, Inc. purchased, distributed and sold windshield glass as replacement parts throughout the United States including the Commonwealth of Pennsylvania and Philadelphia County. Defendant Safelite Fulfillment, Inc. and Safelite Group, Inc. owned and operated the

4

Case ID: 24020215(

office at 709 Washington Avenue, Philadelphia, PA 19147. [Defendants Safelite Fulfillment, Inc.,

Safelite Glass Corporation, and Safelite® Autoglass are hereinafter referred to collectively as

"Safelite."]

      5.     Defendant Safelite Group, Inc. is a corporation with its principal offices in

Columbus, Ohio. Defendant Safelite Group, Inc. is registered to do business in Pennsylvania and

has designated as its agent for service of process Corporation Service Company, 2595 Interstate

Drive, Suite 103, Harrisburg, PA 17110. Defendant Safelite Group, Inc. is a subsidiary of Belron

®, a foreign corporation headquartered in Egham, Surrey, Great Britain. At all relevant times,

Defendant Safelite Group Inc. owned, operated and controlled defendant Safelite Fulfillment,

Inc., Safelite Glass Corporation, and Safelite® AutoGlass in Philadelphia, PA. Defendant

Safelite Group Inc. purchased, distributed and sold windshield glass as replacement parts

throughout the United States including the Commonwealth of Pennsylvania and Phildadelphia

County. The windshield referenced below was supplied, sold and/or installed by defendant

Safelite Group, Inc. and/or its wholly owned business entities (referenced above) located at 709

Washington Avenue, Philadelphia,PA 19147 [Defendant Safelite Group, Inc. is hereinafter

referred to as "Safelite."]

      6.     Defendant Fuyao Glass America, Inc. is an American Corporation based in

Moraine, Ohio. Defendant Fuyao Glass America, Inc. is in the business of designing,

manufacturing, selling and distributing automotive glass products including replacement

windshields. Defendant Fuyao Glass America, Inc. provides aftermarket glass for replacement

purposes. At all relevant times, Fuyao Glass America, Inc. supplied and sold glass products to

the Safelite defendants. This defendant marketed, distributed, supplied, and/or sold its glass

5

products to business entities in the Commonwealth of Pennsylvania and in Philadelphia County on a regular and continuous basis. This defendant is referred to herein as "Fuyao."

      7.      Defendant Kenneth Hedgespeth is a citizen of the Commonwealth of Pennsylvania. At all relevant times, he was and has been an agent/employee of the Safelite defendants and he continues in the employ of Safelite at 709 Washington Avenue, Philadelphia, PA 19147. Defendant Kenneth Hedgespeth selected and installed the windshield described below while acting in the course and scope of his employment with the Safelite defendants. Defendant Hedgespeth is subject to service of process in care of his employer Safelite.

## VENUE

      8.      The events that are subject of this lawsuit occurred in the City and County of Philadelphia.

      9.      The Plaintiff resides in Philadelphia County.

      10.      Defendants "Safelite" and "Fuyao" have placed products and services into the stream of commerce in the Commonwealth of Pennsylvania, including Philadelphia County, and/or committed tortious acts within the Commonwealth, and as such, they are subject to the jurisdiction of this Court.

      11.      At all times relevant hereto, Defendants regularly conducted business and have continuous contacts in Philadelphia County in such a manner as to render venue proper pursuant to Pa.R.C.P. 2179(a)(2).

      12.      Defendant Hedgespeth is a resident of and in Philadelphia County. He is subject to the jurisdiction of this Court.

      13.      Venue is proper in Philadelphia County for all Defendants pursuant to Pa.R.C.P. 1006(c).

Case ID: 240202150

## FACTUAL ALLEGATIONS

14.     On August 31, 2019, the "Safelite" defendants, by and through their employee and agent, Defendant Kenneth Hedgespeth, sold and installed a replacement front windshield in the 2014 Subaru referenced below.

15.     The replacement windshield "Safelite" installed on the Subaru was designed, manufactured, distributed and/or sold by "Fuyao." The windshield includes the following information: "DOT-1038, AS-1, M-147."

16.     On June 12, 2023, at approximately 4:41 p.m., the Plaintiff's decedent, Cara Mia Francesca Panichelli, was operating the Subaru on Interstate 95 in Philadelphia, Pennsylvania traveling southbound in the right center lane when the incident described below occurred.

17.     While the decedent was operating her Subaru, the following incident occurred: a piece of metal struck/impacted the windshield, which failed to prevent intrusion and tore apart, causing/allowing the piece of metal to crash through the windshield and impact the decedent.

18.     After the incident, the Subaru veered out of control, colliding with another vehicle and then striking a concrete barrier on the right side of the highway and then came to a stop.

19.     As a result of the misconduct of the Defendants, and the supply, sale and installation of a defective windshield—as described herein—the Plaintiff's decedent suffered serious, fatal blunt trauma to her chest which resulted in her death on June 12, 2023.

### A.     WRONGFUL DEATH ACTION

20.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 19 of this Complaint as though the same were fully set forth at length.

21.     Plaintiff, Anthony Michael Panichelli, is the surviving husband of the decedent, Cara Mia Francesca Panichelli.

7

Case ID: 24020215(

22.     Plaintiff brings this cause of action for the wrongful death of his decedent, Cara

Mia Francesca Panichelli, as Administrator of the Estate of Cara Mia Francesca Panichelli for

the benefit of all persons entitled to recover damages pursuant to 42 Pa.C.S.A. § 8301, Pa.R.C.P.

§ 2202, and any other acts, court rulings, and rules of civil procedure that might be applicable to

this action.

23.     Plaintiff's decedent died intestate, and Plaintiff was thereafter appointed as

Administrator of the Estate of Cara Mia Francesca Panichelli, Deceased, on June 12, 2023, by

the Office of the Register of Wills of Philadelphia County, Pennsylvania, Estate File No. A3474-

2023.

24.     No recovery for the same damages claimed herein was obtained by Plaintiff's

decedent during her lifetime and no prior actions were brought for the injuries sustained by

Plaintiff's decedent as a result of the accident hereinbefore described.

25.     Prior to her death, Plaintiff's decedent, Cara Mia Francesca Panichelli, was an

adult individual and citizen of the Commonwealth of Pennsylvania and she resided at 2422 S 21st

Street, Philadelphia, Pennsylvania 19145.

26.     At the time of her death on June 12, 2023, Plaintiff's decedent, Cara Mia

Francesca Panichelli, was thirty-three (33) years of age.

27.     Plaintiff's decedent left surviving her the following persons who are beneficiaries

within the meaning of 42 Pa.C.S.A. § 8301:

        A.    Anthony Michael Panichelli
             2422 21st Street
             Philadelphia, Pa 19145

        B.    Two daughters, A.P., a minor, two years old, and A.P., a minor, one year
             old.

8

28.     Plaintiff, as Administrator of the Estate of his decedent, Cara Mia Francesca Panichelli, brings this action under the wrongful death act to recover for the benefit of decedent's beneficiaries all damages recoverable under and by virtue of all applicable Pennsylvania statutes and rules of court, including, but not limited to, the damages hereinafter set forth.

29.     As a direct and proximate result of the death of decedent, decedent's beneficiaries have incurred funeral expenses and expenses of administration for which Plaintiff claims damages on behalf of his decedent's beneficiaries.

30.     As a direct and proximate result of the death of decedent, decedent's beneficiaries have suffered the loss of consortium including but not limited to services, assistance, society, love, comfort, companionship, guidance of and between the decedent and her survivors, including the mother-child relationship, husband-wife relationship, and contributions which decedent would have rendered to them had she lived and for which Plaintiff claims damages on behalf of decedent's beneficiaries.

31.     As a direct and proximate result of the death of decedent, decedent's beneficiaries have suffered the loss of financial support, benefits, gifts, and other pecuniary amounts Plaintiff's decedent would have contributed to them had she lived for which Plaintiff claims damages on behalf of decedent's beneficiaries.

### B.      SURVIVAL ACTION

32.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 31 of this Complaint as though the same were fully set forth at length.

33.     Plaintiff brings the hereinafter survival action on behalf of the Estate of his decedent, Cara Mia Francesca Panichelli, pursuant to 42 Pa.C.S.A. § 8302, 20 Pa.C.S.A. § 3371, and 20 Pa.C.S.A. § 3373.

34.     As a direct and proximate result of the defective product and misconduct herein described, Plaintiff's decedent sustained serious, fatal blunt trauma to her chest which resulted in her death.

35.     Plaintiff, as the Administrator of the Estate of his decedent, Cara Mia Francesca Panichelli, brings this action under the Survival Act to recover for the benefit of his decedent's Estate all damages recoverable under and by virtue of all applicable Pennsylvania statutes and rules of court, including, but not limited to, the damages hereinafter set forth.

36.     As a direct and proximate result of the accident, Plaintiff's decedent suffered loss of life's pleasures for which Plaintiff claims damages on behalf of her decedent's Estate.

37.     As a direct and proximate result of her injuries and resulting death, Plaintiff's decedent suffered the loss of her earning power and capacity from the date of death through her estimated working lifespan for which Plaintiff claims damages on behalf of the decedent's Estate.

## COUNT I

### PLAINTIFF v. SAFELITE, FUYAO, and KENNETH HEDGESPETH
### STRICT PRODUCTS LIABILITY

38.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 37 of this Complaint as though the same were fully set forth at length.

39.     At all times relevant to the within action, Defendant "Fuyao" was the designer, manufacturer, distributor, marketer, seller and/or supplier of the defective windshield that Defendant "Safelite," by and through their employee and agent, Defendant Kenneth Hedgespeth, installed in the Subaru on August 31, 2019, for which the Defendants are strictly liable to Plaintiff for the injuries and resulting death and damages suffered by Plaintiff's decedent and her beneficiaries.

10

40.     Defendant "Safelite" purchased the defective windshield from Defendant "Fuyao," and Defendant Kenneth Hedgespeth acting within the course and scope of his employment with Safelite selected, sold, and installed the windshield.

41.     As designed, manufactured, and distributed, the windshield in question was defective in design and manufacture. Based upon information and belief, the windshield was defective because it did not perform as an ordinary consumer would have expected and/or because its design and manufacture created a risk of harm that exceeded the anticipated and expected utility of this product under foreseeable circumstances.

42.     The windshield was defective because, *inter alia*, it did not provide expected and/or sufficient impact/penetration/intrusion resistance under foreseeable circumstances. The defective features of the windshield included a dangerously asymmetrical windshield, including an inadequately configured/composite/outer ply layer of glass, and a poorly configured and inadequately chosen laminated materials (glass ply and PVB) required to provide necessary impact/penetration/intrusion resistance.

43.     The windshield supplied by the defendants and installed in the Subaru was designed, manufactured, produced, marketed and/or distributed in a defective condition, which posed risks of significant harm during foreseeable usage.

44.     The windshield supplied by the Defendants was defectively designed and manufactured because it did not include safe and alternative design to effectively minimize the risk of failure and impact intrusion/penetration under foreseeable circumstances.

45.     The replacement windshield supplied by Defendants was defectively designed, manufactured, and marketed and its performance in "the incident" did not meet the expectations of

11

an ordinary consumer and/or it did not meet and exceed the specifications of the original equipment windshield.

46.    The windshield supplied by Defendants was defectively designed, manufactured, and marketed because it did not include safer alternative components and features to provide necessary impact, intrusion and penetration resistance to prevent "the incident."

47.    The design, manufacture, production, and marketing of the windshield by the defendants was defective because it neither comported with the construction of the original equipment windshield released by the vehicle's manufacturer nor did the windshield's construction comport with the needed impact resistance a windshield should provide under foreseeable circumstances.

WHEREFORE, Plaintiff Anthony Michael Panichelli, individually and as Administrator of the Estate of Cara Mia Francesca Panichelli, Deceased, demands judgement against Defendants Safelite AutoGlass, Safelite Fulfillment, Inc., Safelite Glass Corporation, Safelite Group, Inc., Fuyao Glass America, Inc., and Kenneth Hedgespeth, and each of them, in strict liability in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, costs of suit, and other such items of damage permitted by law.

### COUNT II

### PLAINTIFF v. SAFELITE, FUYAO, and KENNETH HEDGESPETH NEGLIGENCE

48.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 47 of this Complaint as though the same were fully set forth at length.

49.    Defendants, acting by and through their duly authorized agents, servants, and employees, are each guilty of carelessness, negligence, gross negligence, and reckless disregard for

the safety of others, including Plaintiff's decedent, Cara Mia Francesca Panichelli, both generally and in the following respects:

      a.    Failing to design the windshield installed on the Subaru to include appropriate and needed protection features, including a necessary impact/penetration/intrusion resistant product;

      b.    Failing to incorporate into the design of the windshield safer construction features that would prevent penetration/intrusion under foreseeable impact circumstances;

      c.    Failing to select necessary features, components and glass products needed to provide adequate and necessary protection against impact forces to the windshield that would prevent penetration and intrusion of objects into the vehicle's occupant compartment;

      d.    Ignoring the material composition of the original equipment windshield and furnishing a replacement windshield that neither provided the impact protection of the original equipment windshield nor provided impact protection of other alternatively designed windshields;

      e.    Failing to select a replacement windshield that was structurally comparable to the OEM windshield and/or superior in impact protection for the Subaru

      f.    Failing to provide a windshield that was carefully designed to reduce the risk of impact intrusion/penetration under foreseeable circumstances;

      g.    Failing to learn that the windshield was not designed and manufactured to the same impact resistance tolerances as the OEM windshield or other alternatively designed and marketed windshields;

13

h.   Supplying and/or marketing the replacement front windshield in a manner that the ordinary consumer would mistakenly believe that it included a reasonably safe auto glass system, which it did not;

i.   Failing to adequately warn/instruct consumers that this replacement windshield was not constructed with the same impact resistance as the OEM windshield;

j.   Marketing the windshield with knowledge that it was inferior to the OEM windshield and other alternative windshields so that it posed a significant risk of harm to motorists in the event of foreseeable impacts while operating the Subaru;

k.   Recklessly disregarding the risk of harm to consumers including the decedent by marketing and installing a windshield that was defective and less impact resistant than the OEM windshield and other windshields on the market;

l.   Recklessly disregarding the risk of harm to consumers including the decedent by failing to advise, inform and warn that the windshield was not constructed to include the same or better impact resistance than the OEM windshield or other windshields on the market;

m.   Failing to use due care under the circumstances; and

n.   Such other acts or omissions constituting carelessness, negligence, gross negligence, and reckless disregard of safety as may appear during the course of discovery.

50.   Because of the misconduct of the Defendants and the unsafe design of the replacement windshield, the defendants breached the duty they owed to consumers and users of the

14

product, including the decedent and their misconduct increased the risk of harm to the decedent, which resulted in her death.

51.    The Defendants breached their duty to the Plaintiff and Plaintiff's decedent by consciously disregarding a substantial risk that their conduct would significantly injure the rights of others.

52.    The Defendants' wrongful conduct in the design, manufacture, and distribution of the replacement windshield was guided by either reckless indifference or willful disregard of the interests of others.

53.    The Defendants knew, realized, or should have reasonably known or realized that they created an unreasonable risk of causing physical harm to another by the design of the replacement windshield and its installation.

WHEREFORE, Plaintiff Anthony Michael Panichelli, individually and as Administrator of the Estate of Cara Mia Francesca Panichelli, Deceased, demands judgement against the defendants and each of them in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory and punitive damages, plus interest, costs of suit, and other such items of damage permitted by law.

ANAPOL WEISS

By: _____
Larry E. Coben, Esquire (PA ID # 17523
Jo Ann Niemi, Esquire (PA ID # 326595)
8700 E Vista Bonita Drive, Suite 268
Scottsdale, Arizona 85255
(480) 515-4745
E-Mail: lcoben@anapolweiss.com
E-Mail: jniemi@anapolweiss.com

Dated: 2/19/2024

15

Case ID: 240202150

## VERIFICATION

I, Anthony Michael Panichelli, Administrator of the Estate of Cara Mia Francesca Panichelli, do hereby verify that the statements made in the foregoing Complaint are true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A § 4904 relating to unsworn falsification to authorities.

2-19-2024

Anthony Michael Panichelli, Administrator of the
Estate of Cara Mia Francesca Panichelli, Deceased

Dated: 2/19/2024

16

Court of Common Pleas of Philadelphia
County  Trial Division

# Civil Cover Sheet

For Office of Judicial Records Use Only (Docket Number)

*Filed and Attested by the Office of Judicial Records 19 FEB 2024 02:54 pm E. SMITH*

| | |
|---|---|
| PLAINTIFF'S NAME<br>Anthony Panichelli, the surviving husband, in his own right and on the behalf of all statutory beneficiaries, and Administrator of the Estate of Cara Mia Francesa Panichelli, Deceased. | DEFENDANT'S NAME<br>Safelite® Autoglass, a Pennsylvania business entity |
| PLAINTIFF'S ADDRESS<br>c/o Anapol Weiss<br>8700 E Vista Bonita Drive, Suite 268<br>Scottsdale, AZ 85255 | DEFENDANT'S ADDRESS<br>709 Washington Avenue<br>Philadelphia, Pennsylvania 19147 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>Safelite Glass Corp., a foreign corporation |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, Pennsylvania 17110 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>Safelite Fulfillment, Inc., a foreign corporation |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, Pennsylvania 17110 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 6 | ☑ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☑ More than $50,000.00 | ☐ Arbitration<br>☑ Jury<br>☐ Non-Jury<br>☐ Other: _____ | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Minor Court Appeal<br>☐ Statutory Appeals<br>☐ Commerce (Completion of Addendum Required) | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)
## 2P - Product Liability

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes    No<br>☐       ☐<br>☐       ☐<br>☐       ☐ |

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>Larry E. Coben | ADDRESS (SEE INSTRUCTIONS)<br>Anapol Weiss<br>8700 E Vista Bonita Dr., Suite 268<br>Scottsdale, Arizona 85255 |
|---|---|
| PHONE NUMBER<br>480-515-4745 | FAX NUMBER<br>480-515-4744 | |
| SUPREME COURT IDENTIFICATION NO.<br>17523 | E-MAIL ADDRESS<br>akazi@anapolweiss.com |
| SIGNATURE<br>/s/ Larry Coben | DATE<br>February 19, 2024 |

Case ID: 240202150

01-101 (Rev. 8/2014)

# Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action. The attorney or non-represented party filing a case shall complete the form as follows:

**A.  Parties**

    *i.  Plaintiffs/Defendants*
        Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

    *ii.  Parties' Addresses*
        Enter the address of the parties at the time of filing of the action. If any party is a corporation, enter the address of the registered office of the corporation.

    *iii.  Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

**B.  Commencement Type:** Indicate type of document filed to commence the action.

**C.  Amount in Controversy:** Check the appropriate box.

**D.  Court Program:** Check the appropriate box.

**E.  Case Types:** Insert the code number and type of action by consulting the list set forth hereunder. To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

**Proceedings Commenced by Appeal**

*Minor Court*
| | |
|---|---|
| 5M | Money Judgment |
| 5L | Landlord and Tenant |
| 5D | Denial Open Default Judgment |
| 5E | Code Enforcement |
| | Other: |

*Local Agency*
| | |
|---|---|
| 5B | Motor Vehicle Suspension - Breathalizer |
| 5V | Motor Vehicle Licenses, Inspections, Insurance |
| 5C | Civil Service |
| 5K | Philadelphia Parking Authority |
| 5Q | Liquor Control Board |
| 5R | Board of Revision of Taxes |
| 5X | Tax Assessment Boards |
| 5Z | Zoning Board |
| 52 | Board of View |
| 51 | Other: |

Other:

**Proceedings Commenced by Petition**
| | |
|---|---|
| 8P | Appointment of Arbitrators |
| 8C | Name Change - Adult |
| 8L | Compel Medical Examination |
| 8D | Eminent Domain |
| 8E | Election Matters |
| 8F | Forfeiture |
| 8S | Leave to Issue Subpoena |
| 8M | Mental Health Proceedings |
| 8G | Civil Tax Case - Petition |
| | Other: |

*Actions Commenced by Writ of Summons or Complaint*

*Contract*
| | |
|---|---|
| 1C | Contract |
| 1T | Construction |
| 1O | Other: |

*Tort*
| | |
|---|---|
| 2B | Assault and Battery |
| 2L | Libel and Slander |
| 4F | Fraud |
| 1J | Bad Faith |
| 2E | Wrongful Use of Civil Process |
| | Other: |

*Negligence*
| | |
|---|---|
| 2V | Motor Vehicle Accident |
| 2H | Other Traffic Accident |
| 1F | No Fault Benefits |
| 4M | Motor Vehicle Property Damage |
| 2F | Personal Injury - FELA |
| 2O | Other Personal Injury |
| 2S | Premises Liability - Slip & Fall |
| 2P | Product Liability |
| 2T | Toxic Tort |
|   T1 | *Asbestos* |
|   TZ | *DES* |
|   T2 | *Implant* |
| 3E | Toxic Waste |
| | Other: |

*Professional Malpractice*
| | |
|---|---|
| 2D | Dental |
| 4L | Legal |
| 2M | Medical |
| 4Y | Other: |

| | |
|---|---|
| 1G | Subrogation |

*Equity*
| | |
|---|---|
| E1 | No Real Estate |
| E2 | Real Estate |
| 1D | Declaratory Judgment |
| M1 | Mandamus |

*Real Property*
| | |
|---|---|
| 3R | Rent, Lease, Ejectment |
| Q1 | Quiet Title |
| 3D | Mortgage Foreclosure - Residential Owner Occupied |
| 3F | Mortgage Foreclosure - Not Residential Not Owner Occupied |
| 1L | Mechanics Lien |
| P1 | Partition |
| | Prevent Waste |
| 1V | Replevin |
| 1H | Civil Tax Case - Complaint |
| | Other: |

**F.  Commerce Program**
Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

**G.  Statutory Basis for Cause of Action**
If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

**H.  Related Pending Cases**
All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

**I.  Plaintiff's Attorney**
The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

**The current version of the Civil Cover Sheet may be downloaded from the FJD's website**
**http://courts.phila.gov**

Case ID: 240202150

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet
*(Supplemental Parties)*

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | Filed and Attested by the Office of Judicial Records 19 FEB 2024 02:54 pm SMITH |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Anthony Panichelli, the surviving husband, in his own right and on the behalf of all statutory beneficiaries, and Administrator of the Estate of Cara Mia Francesa Panichelli, Deceased. | Safelite Group, Inc., a foreign corporation |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| c/o Anapol Weiss<br>8700 E Vista Bonita Drive, Suite 268<br>Scottsdale, AZ 85255 | C/O Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, Pennsylvania 17110 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Fuyao Glass America, Inc., a foreign corporation |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 800 FUYAO Avenue<br>Moraine, Ohio 45439 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Kenneth Hedgespeth, a Pennsylvania citizen |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O Safelite® Autoglass<br>709 Washington Avenue<br>Philadelphia, Pennsylvania 19147 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

Case ID: 240202150

RECEIVED

2024 FEB 26   PM 4: 00

DAUPHIN COUNTY
CLERK OF COURTS
HARRISBURG, PA 17101